COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS            SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
DOCKET # 16-1161 H

DENNIS J. ANDERSON, JR.,     )
    )
  Plaintiff,     )
    )
    )
v.     )
    )
    )
BROOFKIELD ASSET MANAGEMENT, INC,     )
BROOKFIELD INVESTMENT MANAGEMENT, INC.,     )
AND     )
KERZNER INTERNATIONAL RESORTS, INC.     )
    )
  Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Dennis J. Anderson, Jr., hereinafter, the "Plaintiff") is an individual residing at 15 Paddock Drive, in the Town of Plainville, County of Norfolk, in the Commonwealth of Massachusetts.

2. The Defendant, Brookfield Asset Management, Inc., is a company, duly organized under the laws of the State of Delaware, at all times relevant to these causes of action, owned, managed, controlled and operated either directly or indirectly through subsidiaries, related and affiliated entities, the Atlantis Resort and Casino, One Casino Drive, Paradise Island, Bahamas.

3. The Defendant, Brookfield Investment Management, Inc. is a company, duly organized under the laws of the State of Delaware, and registered as an entity doing business in Massachusetts, with an office located at 75 State Street, 28th Floor, Boston Suffolk County, Massachusetts and at all times relevant to these causes of action, managed, controlled and operated either directly or indirectly through subsidiaries, related and affiliated entities, the Atlantis Resort and Casino, One Casino Drive, Paradise Island, Bahamas.

4. The Defendant, Kerzner International Resorts, Inc., a Florida Corporation, having an address at 1000 South Pine Road, Plantation, Florida, at all times relevant to these causes of action, provided marketing, sales, advertising, reservations, wholesale tour service and travel business for the Atlantis Resort and Casino, One Casino Drive, Paradise Island, Bahamas.

5. At all times relevant to this cause of action each Defendant was the agent, representative, employee, successor and/or assignee of the other Defendants and at all times relevant hereto were actin within the course and scope of their authority as such agents, representatives, employees successors and or assignees.

6. The Defendants, either personally or through agents, employees, subsidiaries, or otherwise engaged in, transacted carried on business or business ventures through advertising, solicitation, marketing arranging, representation and other such actions taken in furtherance thereof, such that the Massachusetts Long-Arm Statute M.G.L. c. 233A sec. 3, provides jurisdiction.

7. Venue is proper in this Court under 28 U.S.C. sec 1391 (a)(3) and (c).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. Plaintiff repeats and alleges each and every allegation in paragraphs 1 – 8 of this Complaint with the same force and effect as if fully set forth herein.

9. On or about April 13, 2010, the Plaintiff was a lawful invitee at the Atlantis Resort waterpark located at One Casino Drive, Paradise Island, Bahamas.

10. On or about April 13, 2010, the Plaintiff was severely injured while lawfully traversing down a water slide, the "Leap of Faith", on the Mayan Temple, on the grounds of the Atlantis Resort, One Casino Drive, Paradise Island, Bahamas.

11. At the time, there were lifeguards and employees overseeing the pool, but neglected to monitor the water level in the pool, whereby the water level dropped to a dangerously low level, causing the Plaintiff to violently slam into the bottom of the pool thereby severely injuring him.

12. The Plaintiff's serious injuries were caused by the direct and indirect negligent actions of the Defendants.

13. No negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

14. As a direct result of the Defendants inactions and actions, the Plaintiff was severely injured, experienced pain and suffering, suffered lost wages, a loss of earning capacity, loss of business, incurred medical expenses, emotional distress, mental anguish disfigurement, anxiety and inconvenience and will continue to suffer from his injuries in the future for which future medical care will be required.

15. The Plaintiff brought an action in the Federal District Court, in the District of Massachusetts, in April, 2013, against the resort. The Defendants named in that suit were Kerzner International Bahamas, Ltd, Island Hotel Company, Ltd, Atlantis Holdings, Ltd and Kerzner International Resorts, Inc.

16. The complaint was amended to include these Defendants only as Defense Counsel asserted to the Court, during a scheduling conference, that these were the rightful Defendants and those that either owned the resort property or were responsible for the management, advertising and any control.

17. The Counsel for the Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction based upon the fact that the Company that owned and controlled the property and the waterpark wherein the Plaintiff was injured, was a Bahamian Company and the company that provided the management of the waterpark was also a Bahamian Company.

18. During the limited discovery that was allowed for jurisdictional purposes, the Defendants provided an organization chart and corporate structure map, together with additional ownership documents that indicated that Kerzner International Bahamas, Ltd., (hereinafter, "KIBL") owned the waterpark property where the accident took place.

19. In addition, the Defendants provided additional documents and contracts pursuant to discovery requests wherein KIBL agreed to provide and secure liability insurance on behalf of the resort wherein the Plaintiff was a guest to provide coverage for any person injured as a result of an incident at the waterpark on its property.

20. KIBL failed to secure the liability insurance it was required by contract to provide and was therefore self-insured. This was a breach of the contract it entered with the resort for which the Plaintiff was a guest.

21. Therefore, the Plaintiff's injuries and related damages should have been handled, processed and compensated by an insurance company per the terms of the contract.

22. Upon information and belief, the ownership of the hotel and the waterpark were transferred to the Defendant, Brookfield Asset Management, Inc and its subsidiaries, in 2012, which included an assumption of all contracts and liabilities.

23. The Defendants, despite discovery requests requesting the information, never provided this correct information regarding ownership and instead filed the Motion to Dismiss for Lack of Personal Jurisdiction, when they knew that they were self-insured and that the Company that owned the property was not the company they stated (through Counsel and documents), nor a Bahamian Company, but rather a Corporation with an office in Boston, Massachusetts.

24. Based upon the misrepresentation to the Court, the Motion to Dismiss was allowed for Lack of Personal Jurisdiction.

COUNT ONE
BREACH OF CONTRACT

AGAINST ALL DEFENDANTS

25. Plaintiff repeats and alleges each and every allegation in paragraphs 1 – 23 of this Complaint with the same force and effect as if fully set forth herein.

26. The Defendants breached the contract and the Plaintiff was harmed by that breach.

27. As a direct result of the Defendants inactions and actions, the Plaintiff was severely injured, experienced pain and suffering, suffered lost wages, a loss of

earning capacity, loss of business, incurred medical expenses, emotional distress, mental anguish disfigurement, anxiety and inconvenience and will continue to suffer from his injuries in the future for which future medical care will be required. He was not compensated for these injuries because of the breach of contract of the Defendants.

## COUNT TWO

## MISREPRESENTATION

28. Plaintiff repeats and alleges each and every allegation in paragraphs 1 – 27 of this Complaint with the same force and effect as if fully set forth herein.

29. Due to the misrepresentation of the Defendants, the Plaintiff was harmed as he was not compensated for his injuries and his original action was dismissed..

30. As a direct result of the Defendants inactions and actions, the Plaintiff was severely injured, experienced pain and suffering, suffered lost wages, a loss of earning capacity, loss of business, incurred medical expenses, emotional distress, mental anguish disfigurement, anxiety and inconvenience and will continue to suffer from his injuries in the future for which future medical care will be required. He was not compensated for these injuries because of the misrepresentations of the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests entry of judgment in his favor and against all Defendants inclusive, as follows:

A. For compensatory damages, in an amount to be proven at trial;

B. For interest;

C. For reasonable costs associated with this lawsuit; and

D. For such relief as the Court may deem just, proper and appropriate.

PLAINTIFF DEMANDS A JURY TRAIL ON ALL COUNTS.

Respectfully submitted,
Plaintiff,
By his Attorney,

Corinne A. Doherty, Esq.
2 Bridle Spur Road
Danvers, Ma 01923
(978) 762-8450
BBO # - 550-067
cadoherty@comcast.net

Dated: April 8, 2016

I HEREBY ATTEST AND CERTIFY ON
July 7, 2016, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk